UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEAFRED HARDMAN, *Pro Se*, | ) | Case No.: 1:20 CV 576 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| ADULT PAROLE AUTHORITY OF OHIO, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner Deafred Hardman's ("Petitioner" or "Hardman") Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Under Local Rule 72.2, the court referred the matter to the Magistrate Judge for a Report and Recommendation ("R & R"). For the following reasons, the court adopts the R & R that the Petition be denied in its entirety.

On March 17, 2020, Hardman filed the Petition, *pro se*, asking the court to vacate his convictions in state court for compelling prostitution and unlawful sexual conduct with a minor. (ECF No. 1.) As a result of the convictions, the trial court sentenced Hardman to 18 months' imprisonment on each count, to be served consecutively, for an aggregate sentence of 36 months. (R & R at PageID #1478, ECF No. 14.) The trial court also imposed a sentence of 5 years of mandatory post-release control, and classified Hardman as a Tier II sex offender. (*Id*. at PageID

#1479.) The Petition asserts the following six grounds[1] for relief:

> GROUND ONE: The Petitioner is being held in Violation of his Fifth Amendment privilege against compelled self-incrimination of derivative evidence.
>
> GROUND TWO: Under the Sixth Amendment exclusion where the police elicit a statement from an accused without counsel, that statement must be excluded.
>
> GROUND THREE: The Respondent is being held in Violation of his 6th Amendment right to standby counsel statements and evidence obtained by Violation of his 6th Amendment.
>
> GROUND FOUR: The Petitioner has been denied due process and equal protection of law by the 14th Amendment. Once the Eighth District Court of Appeala ordered the new trial, matters stood in the same position they did before any trial had been conducted.
>
> GROUND FIVE: The Petitioner is being held in Violation of his 6th Amendment right to compulsory process. The Sixth Amendment of the U.S. Constitution provides a defendant with the right to have "compulsory process" for obtaining witnesses in his or her favor.
>
> GROUND SIX: The Petitioner he's [sic] being held in violation of the right to a fair and impartial judge.

(Pet. at PageID #5, ECF No. 1; Ex. 1 to Pet., ECF No. 1-1.) On November 17, 2020, Respondent Adult Parole Authority of Ohio ("Respondent") filed a Return of Writ. (ECF No. 10.) On January 19, 2021, Hardman filed an Answer to the Return of Writ (ECF No. 12).

Magistrate Judge Carmen Henderson ("Magistrate Henderson" or "Judge Henderson") submitted her R & R on January 11, 2022, recommending that the court deny and dismiss the Petition in its entirety because all of Hardman's claims are either meritless or procedurally defaulted. (R & R at PageID #1477, ECF No. 14.) In the R & R, Judge Henderson concluded that Hardman's first ground for relief is procedurally defaulted because he failed to raise this issue in his direct

---

[1] As the R & R points out, Hardman incorrectly numbered his grounds for relief in his Petition. For clarity, the court lists each ground for relief in sequential order.

appeal during the state court proceedings. (*Id*. at PageID #1490.) In the alternative, Magistrate Henderson also determined that Hardman failed to show cause for the procedural default, nor did he meet the actual innocence standard necessary to excuse the default. (R & R at PageID #1492, ECF No. 20-1.) Similarly, Judge Henderson determined that Hardman's second, third, and fourth grounds for relief are procedurally defaulted because Hardman "did not exhaust th[ese] issue[s] before the state courts." (*Id*. at PageID #1496–1497.) Next, Judge Henderson concluded that Hardman's fifth ground for relief lacks merit because Hardman failed to establish that the testimony that he was unable to produce at trial was either material or favorable to his defense, and thus, he failed to show that his constitutional rights were violated. (*Id*. at PageID #1499.) Lastly, Judge Henderson determined that Hardman's sixth ground for relief was procedurally defaulted because he failed to raise this issue with the state courts on direct appeal. (*Id*. at PageID #1500.)

Objections to the R & R were due by January 25, 2022, but neither party submitted any. The Sixth Circuit has made clear that "[t]he failure to object to a magistrate judge's Report and Recommendation results in a waiver of appeal on that issue as long as the magistrate judge informs the parties of the potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019). In the R & R, Judge Henderson specifically noted that "[f]ailure to file objections within the specified time may forfeit the right to appeal the District Court's order." (R & R at PageID #1501, ECF No. 14 (citing *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019)).) Thus, it is clear from the record that Hardman was informed of the possibility of wavier but nevertheless failed to file any objections with this court. Consequently, he has waived his right to appeal.

Furthermore, after careful *de novo* review of the R & R and all other relevant documents in the record, the court finds that Judge Henderson's recommendations are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Consequently,

Hardman's Petition must be dismissed. Accordingly, the court adopts the R & R in its entirety and hereby denies and dismisses the Petition. The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

    */s/ SOLOMON OLIVER, JR.*
    UNITED STATES DISTRICT JUDGE

February 17, 2022